Bills v. Bills.

## BILLS v. BILLS *et al.*

1. **Appeal:** JURISDICTION : CONSTRUCTION OF WILL. This court has no original jurisdiction to construe a will, and it cannot, upon appeal, pass upon a point in the construction of a will which the lower court refused to consider on the ground that it was not necessary.

2. **Will:** CONSTRUCTION : DUTY OF DISTRICT COURT. In a cause involving the construction of a will as between the widow and the other legatees and devisees of decedent, where the widow claimed a fee in the real estate and absolute ownership of the personal property under the will, and the others claimed that she was entitled to a life estate only in each, *held* that it was the duty of the court to determine the question thus raised, and that it was error to find and adjudge only that which was conceded, viz., that she was entitled to hold and control all the property during her life.

*Appeal from Jones District Court.*—HON. JAMES D. GIFFEN, Judge.

FILED, FEBRUARY 6, 1889.

THE last will and testament of Sidney E. Bills was probated in September, 1886. Irene Bills, his widow, and one John Bender, are executors of the will. They filed a final report, in which they showed the estate to

be fully settled. It appears from the report that said Irene Bills is in possession of the personal property left by the testator, and that she claims the same under the will. The defendants filed objections to the report, and claimed that under the will Irene Bills was entitled to only a life estate in the personal property of the deceased as well as the real estate. It was found by the court that Irene Bills, the widow, is entitled to receive, hold and control the real estate and personal property under the will, during her life. But no determination was made as to the rights of the other parties at the death of Irene Bills, the court holding that it was unnecessary to construe the will now in that particular. Both parties appeal.

*Sheean & McCarn*, for Irene Bills.

*J. S. Stacy*, for defendants.

ROTHROCK, J.—The question presented by the parties is whether under the will Irene Bills took a life estate, or a full title to certain real and personal property. It is conceded that she is entitled to a life estate. The court did not decide the question which the parties desire to have determined. They both appealed, and they are here, as we understand it, with a consent case. This court has no original jurisdiction in such cases. We can only review decisions made by the courts of original jurisdiction. If the court erred in not entertaining and deciding the question presented, all this court can do is to remand the case, with directions that it be tried and determined in the court below. We think it is the right of the parties to have the question determined now. It is important that it be known whether the title to the property is in fee or for life, so that the widow may deal with it in the matter of selling it or in its use, knowing what her rights are. The question involves a construction of the will. The cause will be remanded to the district court for a decision. Each party will pay one-half the costs in this court. The appeal will be

DISMISSED.